IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY ANDERSON, | ) | |
| Plaintiff, | ) | Civil Action Number: 1:08CV175 |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER JACKSON and the | ) | |
| CITY OF DOTHAN, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 an 1988, and the Fourth and Fourteenth Amendment to the United States Constitution, and under the common law of the state of Alabama against Officer One, a police officer of the City of Dothan, in his individual capacity and against the City of Dothan. Plaintiff also alleges the supplemental state law claims for felonious injury under Ala. Code § 6-5-370; assault and battery; and negligent training, supervision and retention. Plaintiff demands a trial by struck jury.

### II. JURISDICTION AND VENUE

2. The jurisdiction of this Court is instituted and authorized pursuant to 28 U.S.C. § 1331 and 1343(a)4). Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. §1367.

3. The Defendants Officer Jackson and the City of Dothan are all located in the state of Alabama. A substantial part of the unlawful acts alleged herein occurred in Houston County, Alabama. Upon information and belief, all of the individual defendants reside in Houston County,

Alabama. Thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III. PARTIES

4.     Anthony Anderson was at all material times a resident of the City of Dothan, Alabama, and over the age of nineteen.

5.     Defendant Officer Jackson was at all times relevant to this complaint a duly appointed and acting officer of the police department of the City of Dothan, acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the state of Alabama and/or the City of Dothan.

6.     The City of Dothan, Alabama is a municipal corporation and the public employer of Officer Jackson.

### IV. FACTS

7.     On March 23, 2006, sometime after 10:30 p.m., Plaintiff Anthony Anderson ("Anderson"), was traveling in the City of Dothan in his 1985 Buick LeSabre when he pulled into a gas station on Montgomery Highway.

8.     At approximately 10:45 p.m., while still at the gas station, Anderson was approached by City of Dothan Police Officer (FNU) Jackson ("Jackson). Without provocation, Officer (FNU) Jackson ordered Anderson to surrender his driver's license to him. Anderson obeyed Officer Jackson's command.

9.     At all times during this incident, Anderson remained respectful because he had been instructed to do so by the local branch of the N.A.A.C.P. According to the local N.A.A.C.P., the City of Dothan had a policy of racially profiling and harassing African-American drivers. For that reason Anderson offered no resistance to Officer Jackson's authority.

10. Around this same time, other City of Dothan police officers arrived on the scene.

11. Anderson was then handcuffed and told that he was being placed under arrest for disorderly conduct. Anderson did not resist and was not confrontational toward any police officer in any manner other than to inquire as to why he was being arrested and to express that he felt the arrest was unwarranted.

12. In response to Anderson's questions, Defendant Police Officer Jackson, struck Anderson two times in the jaw while he was handcuffed. Defendant Police Officer (FNU) Jackson struck Anderson with such force, velocity, and impact that he fractured Anderson's jaw. Anderson had not physically resisted or assaulted Defendant Police Officer Jackson or any other officer on the scene in any way, and the force used against him was unnecessary, unreasonable and excessive.

13. Anderson was then taken into custody by the City of Dothan police officers.

14. Anderson was taken to the City of Dothan Police Station, where he was detained.

15. During the time he was in custody, Andeson was offered no medical assistance by the Defendants or other City of Dothan police officers.

16. Eventually Anderson was released from the City of Dothan police station.

17. At no time during the events described above, was Anderson intoxicated, incapacitated, a threat to the safety of himself or others, or disorderly. He had not committed any criminal offenses.

18. Defendant Police Officer Jackson had no warrant for the arrest of Anderson, no probable cause for the arrest of Anderson and no legal cause or excuse to seize the person of Anderson.

19. As a direct and proximate result of the said acts of Defendant Police Officer Jackson, Anderson suffered the following injuries and damages:

    a. Violation of his constitutional rights under the Fourth and Fourteenth Amendments

to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b.    Loss of his physical liberty;

    c.    Physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment. (Ex. 1, Medical Bills).

23.    The actions of Defendant Officer Jackson violated the following clearly established and well settled federal constitutional rights of Anthony Anderson:

    a.    Freedom from the unreasonable seizure of his person;

    b.    Freedom from the use of excessive, unreasonable and unjustified force against his person.

## V.    COUNTS

### Count I: 42 U.S.C. § 1983 Against Individual Defendant Officer Jackson

24.    Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

25.    Plaintiff Anthony Anderson claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendant Officer Jackson for violation of his constitutional rights under color of law.

### Count II: Assault and Battery Against Individual Defendant Officer Jackson

26.    Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

27.    Defendant Officer Jackson assaulted and battered Anthony Anderson.

28.    As a result of this assault and battery, Plaintiff Anthony Anderson suffered damages as aforesaid.

**Count III: False Arrest and Illegal Imprisonment Against Individual Defendant Officer Jackson**

29. Paragraphs 1 through 23 are incorporated herein by reference as though full set forth.

30. Defendant Officer Jackson illegally arrested and illegally imprisoned Anthony Anderson.

31. As a result of this false arrest and illegal imprisonment, the Plaintiff suffered the damages as aforesaid.

**Count IV: 42 U.S.C. § 1983 Against City of Dothan**

32. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

33. Prior to March 23, 2006, the City of Dothan developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Dothan, which caused the violation of Anderson's rights.

34. It was the policy and/or custom of the City of Dothan to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of Dothan, including, but not limited to the following incidents:

   a. According to the Dothan branch of the N.A.A.C.P., the City of Dothan Police Department has been involved in the deaths of five (5) African-American pre-trial detainees since 2003.

   b. On February 7, 2003, Timothy Brooks died shortly after being apprehended by the City of Dothan Police following a three-block foot chase.

   c. On April 27, 2003, Byron Johnson was killed after a short police chase with City of Dothan police officers in which the motorcycle he was driving crashed into another vehicle.

   d. On February 7, 2004, Jestaro Reynolds was killed after eluding City of Dothan police

officers for a short distance.

e.  On July 17, 2004, Kevin Jones and Zacharia Jones, were killed when the vehicle they were driving crashed into a building after being chased by City of Dothan Police officers.

35. It was the policy and/or custom of the City of Dothan to inadequately supervise and train its police officers, including Defendant Officer Jackson, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

36. As a result of the above described polices and customs, police officers of the City of Dothan, including Defendant Officer Jackson, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the City of Dothan to the constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights as alleged herein.

**Count V-Negligent Training, Supervision, and Retention Against the City of Dothan**

38. Paragraphs 1 through 23 are incorporated herein by reference as though fully set forth.

39. Defendant City of Dothan had a duty to properly train their police officers in the proper treatment of pretrial detainees.

40. Defendants negligently or wantonly failed to adequately train their personnel as stated above. Defendants consciously failed to properly train their personnel knowing that they had caused the injuries in the past. These Defendants also knew that, from failing to properly train these officers, injury would likely or probably result.

41.     This failure proximately caused great physical injury to Anthony Anderson.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

1. Award compensatory damages to the Plaintiff against the Defendants, jointly and severally;

2. Award costs of this action to the Plaintiff;

3. Award reasonable attorney's fees and costs to the Plaintiff on Counts I through V of the Complaint;

4. Issue an Order requiring the defendants to initiate and implement programs that: (a) provide training for employees on the subject of how to treat pre-trial detainees; (b) remedy the effects of the defendants' past and present unlawful practices; and (c) eliminate the continuing effects of the practices described above;

5. Issue an Order requiring the defendants to make the plaintiff whole by awarding compensatory damages and punitive damages.

6. An award of litigation costs and expenses, including reasonable attorneys' fees under 42 U.S.C. § 1988 to the plaintiff.

7. Such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Respectfully Submitted,

/s/ Roderick T. Cooks

Roderick T. Cooks
Lee D. Winston
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Tel: (205) 502-0940
Fax: (205)251-0231
email: lwinston@winstoncooks.com
email: rcooks@winstoncooks.com

**PLAINTIFF'S ADDRESS:**
Anthony Anderson
c/o WINSTON COOKS, LLC
The Penick Building
319-17th Street North
Birmingham, AL 35203
Tel: (205)502-0970
Tel: (205) 502-0940
Fax: (205)251-0231
email: lwinston@winstoncooks.com
email: rcooks@winstoncooks.com

**DEFENDANT'S ADDRESS:**
City of Dothan, Alabama
c/o F. Lenton White, Esq.
City of Dothan Attorney
P. O. Box 2128 (36302)
126 North St. Andrews
Dothan, Alabama 36303
(334) 615-3130

# EXHIBIT 1

SOUTHEAST ALABAMA MED CTR
P O BOX 6987
DOTHAN AL 36302

0073541

ADDRESS SERVICE REQUESTED



| CREDIT CARD PAYMENT INFORMATION ||
|---|---|
| CARD TYPE | EXP. DATE |
| ACCOUNT NUMBER | VIN # |
| CARD HOLDER SIGNATURE ||

PLEASE PAY THIS AMOUNT →

| PATIENT NAME ||
|---|---|
| ANDERSON, ANTHONY ||
| PATIENT NUMBER | DISCHARGE / SERVICE DATE |
| 2754819 | 3/24/06 |
| CURRENT BALANCE | BILLING DATE |
| 79.91 | 4/13/06 |
| AGREEMENT AMOUNT | PAYMENT DUE DATE |
| .00 | 5/18/06 |
| 79.91 | ENTER AMOUNT PAID HERE |

SOUTHEAST ALABAMA MED CTR
P O BOX 6987
DOTHAN AL 36302

364

ANTHONY ANDERSON
1516 E BURDESHAW ST
DOTHAN AL 36303

2754819 050806

☐ PLEASE CHECK HERE AND SHOW NAME/ADDRESS CORRECTION ON REVERSE SIDE

DETACH HERE TO ASSURE PROPER CREDIT PLEASE WRITE YOUR PATIENT NUMBER ON YOUR CHECK AND RETURN UPPER PORTION WITH REMITTANCE

| DATE | DESCRIPTION | QUANTITY | AMOUNT |
|---|---|---|---|
| | FROM DATE: 3/24/06 THROUGH DATE: 3/24/06 | 1 | |
| 3/24/06 | 358-0102 MED/SURG SUPPLIES II | 1 | 17.75 |
| 3/24/06 | 358-3001 EMERG RM LEVEL II | 1 | 205.75 |
| 3/24/06 | 364-7014 PANOREX MANDIBLE | 1 | 175.50 |
| 3/24/06 | 368-2146 ROBAXIN 750MG TAB | 1 | 2.50 |
| 3/24/06 | 368-8925 LORTAB 7 TAB/LORCET PLUS | 1 | 3.00 |
| 3/24/06 | 368-9412 ANAPROX DS TAB | 1 | 3.00 |
| 3/24/06 | 379-0602 EM PHYSICIAN VISIT III | 1 | .00 |
| 3/24/06 | 999-9999 PERSONAL PAYMENT | 1 | 25.00CR |
| 5/04/06 | 998-0642 BLUE CROSS OUT OF STATE | 1 | 1.04CR |
| 5/04/06 | 998-0994 CONTR ADJ BLUE CROSS | 1 | 301.55CR |
| | PATIENT BALANCE DUE: | 1 | 79.91 |
| | CLINIC: EMERGENCY F/C: Z | | |

DATES MAY REFLECT POSTING DATE OR SERVICE DATE

PAGE 1 of 1                                                                 79.91

| IMPORTANT MESSAGE | | | |
|---|---|---|---|
| THANK YOU FOR CHOOSING THE MEDICAL CENTER. YOUR INSURANCE HAS BEEN FILED. BASED ON THEIR RESPONSE, THE ACCOUNT BALANCE IS YOUR RESPONSIBILITY. | | PATIENT NAME | ANDERSON, ANTHONY |
| | | PATIENT NUMBER | 2754819 |
| Patient Number 2754819 | | ACCOUNT SUMMARY ||
| | | PREVIOUS BALANCE | .00 |
| | | NEW CHARGES | 407.50 |
| | | PAYMENTS/ OTHER ADJUSTMENTS | 327.59CR |
| | DISCHARGE/ SERVICE DATE 3/24/06 | CURRENT ACCOUNT BALANCE | 79.91 |
| A DROP BOX IS LOCATED OUTSIDE OF PATIENT ACCOUNTS AT 334-793-8711. | AGREEMENT AMOUNT .00 | PAYMENT DUE DATE | 5/18/06 |
| RETAIN THIS PORTION   PAYMENTS RECEIVED AFTER BILLING DATE WILL APPEAR ON NEXT STATEMENT | | PAY THIS AMOUNT | 79.91 |


**BlueCross BlueShield of Texas**
P.O. Box 660044
Dallas, Texas 75266-0044

*Explanation of Benefits (EOB).* **This is not a bill.**
MCLANE COMPANY INC.
04-27-06

ANTHONY T ANDERSON
1516 E BURDESHAW ST
DOTHAN AL 36303-5118

Customer Service: 1-866-363-7936

To opt out of receiving paper copies of your EOBs, go to Blue Access for Members at www.bcbstx.com.
Customer Service Hours
8:00 a.m. 8:00 p.m.

**Claim Information**
Member Name: ANTHONY T ANDERSON
Group No.: 90271
Identification No.: MPD847374459
Claim No.: 610352005770H
Patient Name: ANTHONY ANDERSON

**SUMMARY**
| | |
|---|---|
| Total Billed: | $407.50 |
| Total Benefits Approved: | $0.00 |
| Amount You May Owe Provider: | $104.91 |

**SERVICE INFORMATION**

| | Service Date | Amount Billed | Not Covered | Covered |
|---|---|---|---|---|
| HOUSTON COUNTY HEA | | | | |
| Provider Patient Account No.: | Not Available | | | |
| Emerg Accident Drugs | 03-24-06 | 8.50 | 6.31 (1) | 2.19 |
| Emerg Accid Supplies | 03-24-06 | 17.75 | 13.18 (1) | 4.57 |
| X-Ray Services | 03-24-06 | 175.50 | 130.32 (1) | 45.18 |
| Emerg Accid Rm Serv | 03-24-06 | 205.75 | 152.78 (1) | 52.97 |
| Totals | | $407.50 | $302.59 | $104.91 |

**COVERAGE INFORMATION**

| | | | |
|---|---|---|---|
| Totals | $407.50 | $302.59 | $104.91 |
| Deductions | | | |
| Applied to Your Deductible | | 104.91 | |
| Total Deductions | | | -$104.91 |
| Total Benefits Approved | | | $0.00 |
| Amount You May Owe Provider | | | $104.91 |

**Information About Amounts Not Covered**

(1) The amount billed is greater than the amount allowed for this service. You will not be billed for this amount.

*A Division of Health Care Service Corporation, A Mutual Legal Reserve Company, An Independent Licensee of the Blue Cross and Blue Shield Association*

*(turn over)*    Page 1 of 2

13,935    TX2573
00063.0304



```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004310
Cashier ID: brobinso
Transaction Date: 03/13/2008
Payer Name: WINSTON COOKS LLC
----------------------------------------
CIVIL FILING FEE
 For: WINSTON COOKS LLC
 Case/Party: D-ALM-1-08-CV-000175-001
 Amount:         $350.00
----------------------------------------
CHECK
 Check/Money Order Num: 1391
 Amt Tendered: $350.00
----------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

ANDERSON V. JACKSON ET AL
```