IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  |
|---|---|---|
| ANTHONY ANDERSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:08-CV-175-TFM |
| | ) | |
| OFFICER JACKSON and the | ) | |
| CITY OF DOTHAN, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANT CITY OF DOTHAN'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Comes now the Defendant City of Dothan in the above styled cause, by and through the undersigned attorney, and answers Plaintiff's Complaint as follows:

**I.   INTRODUCTION.**

1.   Paragraph one of the Plaintiff's Complaint contains no allegations against the City of Dothan and therefore requires no response.  In the event it is determined by the court that a response is in order, the Defendant denies the allegations contained in paragraph one.

**II.   JURISDICTION AND VENUE**

2.   Defendant denies the allegations contained in paragraph two of Plaintiff's Complaint inasmuch as no issue of constitutional proportions is alleged in Plaintiff's Complaint.

3.  Defendant City of Dothan admits it is located in Houston County, Alabama and is without information to either admit or deny ex-Dothan police officer Jackson's location or that of any other of the individual Defendants referenced in paragraph three in Plaintiff's Complaint but otherwise unnamed in Plaintiff's Complaint.  Defendant denies venue is proper in the District Court.

### III.  PARTIES.

4.  Defendant City of Dothan is without information to either admit or deny any allegations as to the Plaintiff's residency.  Defendant admits the Plaintiff is over the age of nineteen.

5.  Defendant admits that Lieutenant Governor Jackson was at all times relevant to the allegations of Plaintiff's lawsuit, a sworn law enforcement officer of the City of Dothan, Alabama, charged with enforcing the statutes, ordinances and regulations of the City of Dothan and the State of Alabama.  Defendant denies Lieutenant Jackson's authority derived from "policies, customs and usages" from the State of Alabama or the Defendant, City of Dothan.

6.  Defendant City of Dothan admits it is an Alabama Municipal Corporation and denies it is currently Jackson's employer.

### IV.  FACTS.

7.  Defendant City of Dothan admits the allegations contained in paragraph seven of Plaintiff's compliant.

8. Defendant City of Dothan denies the allegations contained in paragraph eight of Plaintiff's Complaint.

9. Defendant City of Dothan denies the allegations contained in paragraph nine of Plaintiff's Complaint.

10. Defendant City of Dothan denies the allegations contained in paragraph ten of Plaintiff's Complaint.

11. Defendant City of Dothan denies the allegations contained in paragraph eleven of Plaintiff's Complaint.

12. Defendant City of Dothan denies the allegations contained in paragraph twelve of Plaintiff's Complaint.

13. Defendant City of Dothan denies the allegations contained in paragraph thirteen of Plaintiff's Complaint.

14. Defendant City of Dothan admits the Plaintiff was booked into the Dothan City Jail.

15. Defendant City of Dothan denies the allegations contained in paragraph fifteen of Plaintiff's Complaint.

16. Defendant City of Dothan admits that the Plaintiff was released from jail upon posting bond.

17. Defendant denies the allegations contained in paragraph seventeen of Plaintiff's complaint.

18.   Defendant City of Dothan denies the allegations contained in paragraph eighteen of Plaintiff's Complaint.

19.   (a)  Defendant City of Dothan denies the allegations contained in paragraph nineteen (a) of Plaintiff's Complaint.

19.   (b)  Defendant City of Dothan denies the allegations contained in paragraph nineteen (b) of Plaintiff's Complaint.

19.   (c)  Defendant City of Dothan denies the allegations contained in paragraph nineteen (c) of Plaintiff's Complaint.

23.   (a)  Defendant City of Dothan denies the allegations contained in paragraph twenty-three (a) of Plaintiff's Complaint.

23.   (b)  Defendant City of Dothan denies the allegations contained in paragraph twenty-three (b) of Plaintiff's Complaint.

## **COUNT I**

24.   Paragraphs 1 through 23 of Defendant, City of Dothan's Answer herein are incorporated by reference as if fully and completely set out.

25.   Paragraph 25 of Plaintiff's Complaint contains no allegations against the City of Dothan and therefore requires no response.  In the event it is determined by the court that a response is in order, the Defendant denies the allegations.

## COUNT II

26.   Defendant incorporates paragraphs 1 through 25 of Defendant, City of Dothan's Answer herein incorporated by reference as if fully and completely set out.

27.   Paragraph 27 of Plaintiff's Complaint contains no allegations against the City of Dothan and therefore requires no response.  In the event it is determined by the court that a response is in order, the Defendant denies the allegations.

28.   Paragraph 28 of Plaintiff's Complaint contains no allegations against the City of Dothan and therefore requires no response.  In the event it is determined by the court that a response is in order, the Defendant denies the allegations.

## COUNT III

29.   Paragraphs 1 through 28 of Defendant, City of Dothan's Answer herein are incorporated by reference as if fully and completely set out.

30.   Paragraph 30 of Plaintiff's Complaint contains no allegations against the City of Dothan and therefore requires no response.  In the event it is determined by the court that a response is in order, the Defendant denies the allegations.

31.   Paragraph 31 of Plaintiff's Complaint contains no allegations against the City of Dothan and therefore requires no response.  In the event it is determined by the court that a response is in order, the Defendant denies the allegations.

## COUNT IV

32. Paragraphs 1 through 31 of Defendant, City of Dothan's Answer herein are incorporated by reference as if fully and completely set out.

33. Defendant City of Dothan denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendant City of Dothan denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

    34(a)  Defendant City of Dothan is without information to either admit or deny the allegations contained in paragraph 34(a) came from the N.A.A.C.P. and therefore denies said allegations.  The Defendant City of Dothan denies that the City of Dothan Police Department has been involved in the deaths of any pretrial detainees.

    34(b)  Defendant City of Dothan admits that Timothy Brooks died shortly after being apprehended by the City of Dothan Police following a foot chase.

    34(c)  Defendant City of Dothan admits that on April 27, 2003, Bryon Johnson, while fleeing from police, was killed when the motorcycle he was operating struck another vehicle.

    34(d)  Defendant City of Dothan admits that on February 07, 2004, Jestaro Reynolds lost control of his vehicle while fleeing from police officers and crashed into an apartment building.

34(e)  Defendant City of Dothan admits that on July 15, 2004, Kevin Jones and Zachariah Jones were fleeing from police and died when the vehicle they were in crashed into a building resulting in their deaths.

35. Defendant City of Dothan denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendant City of Dothan denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendant City of Dothan denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

## COUNT V

38. Paragraphs 1 through 37 of Defendant, City of Dothan's answer herein are incorporated by reference as if fully and completely set out.

39. Defendant City of Dothan denies it owes Plaintiff a duty to train its officers.

40. Defendant City of Dothan denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendant City of Dothan denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

**VI.   PRAYER FOR RELIEF**

The remainder of Plaintiff's Complaint is a prayer for relief which requires neither admission or denial by this Defendant but to the extent that it is construed

to allege some wrongful or unlawful act, said construction is denied. Defendant further denies that Plaintiff is entitled to any relief herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant, City of Dothan.

### SECOND DEFENSE

The allegations of Plaintiff's Complaint do not reach Federal Constitutional proportions.

### THIRD DEFENSE

Plaintiff's Complaint or portions thereof are barred by discretionary function immunity under § 65-338, Ala. Code 1975.

### FOURTH DEFENSE

Defendant, City of Dothan pleads it is entitled to substantive immunity.

### FIFTH DEFENSE

Defendant pleads that no custom or policy was the moving force behind any constitutional violation in this case.

### SIXTH DEFENSE

Defendant pleads it was not deliberately indifferent to the Plaintiff's constitutional rights.

## SEVENTH DEFENSE

Defendant pleads that no act of the Defendant was the moving force behind any alleged constitutional violation in this case.

## EIGHT DEFENSE

Defendant asserts the affirmative defense of contributory negligence.

## NINTH DEFENSE

Defendant pleads the affirmative defense of an interervening or superseding cause.

## TENTH DEFENSE

Defendant pleads the affirmative defense of assumption of the risk.

## ELEVENTH DEFENSE

Plaintiff's Complaint is barred by collateral estoppel.

## TWELFTH DEFENSE

Plaintiff's Complaint is barred by unclean hands.

## PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests the Complaint be dismissed with prejudice; that judgment be entered for Defendant and that Defendant be awarded its attorney's fees herein, plus such general and equitable relief as this court deems just and appropriate.

## **NOTICE OF INTENT TO PURSUE ATTORNEY'S FEES**

Defendant asserts that this action is groundless, frivolous, unreasonable, and or without foundation and brought in bad faith and Defendant intends to pursue attorney's fees against the Plaintiff.

Respectfully submitted this 2nd day of June, 2008.

/s/ F. Lenton White
F. Lenton White (WHI025)
City Attorney
P.O. Box 2128
Dothan, AL  36302
(334) 615-3130

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Roderick T. Cooks, Esq. and Lee D. Winston.

/s/ F. Lenton White
Of Counsel